```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**AMANDA KAY LAYTON,**

      **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 1:10—00808**

**FORD MOTOR COMPANY,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to remand. (Doc. No. 9.) For the reasons set forth below, the court grants the motion and remands this matter to the Circuit Court of McDowell County, West Virginia.

### I. Factual and Procedural Background

The genesis of this case was a single car accident, occuring on May 6, 2008, in Preston County, West Virginia. According to the allegations in the Complaint, on that date, plaintiff, Amanda Kay Layton, a citizen of Maryland, lost control of the vehicle she was driving, a 2003 Ford Expedition, and struck a tree. Complaint ¶¶ 1, 35. According to plaintiff, both the airbag and the seatbelt system malfunctioned and, because of these failures, she suffered serious physical injuries. Id. ¶¶ 37-39, 44-46.

On May 3, 2010, Layton filed the instant lawsuit in the Circuit Court of McDowell County.  Named as defendants in her lawsuit are: Ford Motor Company, J&J Ford Sales, Inc., Autoliv, Inc., Autoliv ASP, Inc., Autoliv Americas, Autoliv Electronics America, Autoliv North America, Inc., TRW Autoliv Holdings Corp., TRW Automotive, Inc., and TRW Vehicle Safety Systems, Inc.  Ford, a Delaware corporation with its principal place of business in Michigan, designed and manufactured the Expedition involved in the accident.  Id. ¶¶ 2, 28.  J&J Ford Sales, a West Virginia corporation that was dissolved in 2008, was the dealership who sold the Expedition.[1]  Id. ¶ 15.  The Autoliv entities, citizens of Sweden, Michigan, and Utah, designed, manufactured, and supplied the airbag restraint system used in the Expedition.  Id. ¶¶ 4-8, 30.  The TRW entities, all Delaware corporations, designed, manufactured, and supplied the Expedition's seatbelt system.  Id. ¶¶ 10-12, 32.  The Complaint states claims of negligence and strict liability against each of the defendants.

On June 9, 2010, defendant Ford removed the case to this court on the basis of diversity of citizenship.  According to

---

[1] According to the affidavit of Barry L. Kirk, former President of J&J Ford Sales, the vehicle was sold to Charles J. Howdershelt, on December 10, 2003.  Affidavit of Barry L. Kirk ¶ 4.

Ford, J&J Ford Sales was fraudulently joined in this action for the sole purpose of defeating diversity jurisdiction. See Ford's Response to Plaintiff's Motion to Remand at 10. Ford argues, that, because J&J Ford Sales has been dissolved, it is not amenable to suit. Plaintiff contends that her claims against J&J Ford Sales are valid and that West Virginia law expressly permits her to sue a dissolved corporation. She has moved to remand this action and for an award of costs and attorney fees incurred as a result of defendants' removal. The motion is ripe for adjudication.

## II. Standard of Review

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). Title 28 United States Code Section 1441, known as the "removal statute," provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is

-3-

appropriate. Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). The removing defendant bears the burden of establishing that removal is appropriate. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D.W. Va. 1996) (Copenhaver, J.). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

Removal jurisdiction is subject to certain restrictions. According to 28 U.S.C. § 1441(b):

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The last sentence of § 1441(b) is what is commonly referred to as "the forum defendant rule." Justice v. Branch Banking and Trust Co., 2009 WL 853993, *5 (S.D.W. Va. 2009). "[T]he forum defendant rule provides that when a case is filed in state court, if any defendant having been properly joined and served is a citizen of the state in which the action is brought, the action cannot be removed despite the existence of complete diversity." Id. (internal quotations omitted); see also Carman v. Bayer Corp., 2009 WL 1974307, *2 (N.D.W. Va. 2009)("Commonly referred

-4-

to as the forum defendant rule, this rule limits jurisdiction based on diversity of citizenship by requiring that defendants who have been joined and served cannot reside in the forum state.").

Fraudulent joinder is an exception to the complete diversity requirement of Section 1332. The fraudulent joinder doctrine allows a district court to disregard, for jurisdictional purposes, the citizenship of a diversity-destroying defendant, assume jurisdiction over a case, dismiss the diversity-destroying defendant, and thereby retain jurisdiction. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). "As an exception to the forum defendant rule, this doctrine applies when a non-diverse party is fraudulently named in an action `so that no possible cause of action has been stated against that party.'" Carman, 2009 WL 1974307, *2 (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)).

A defendant is fraudulently joined if the plaintiff commits outright fraud in his pleadings or if there is no possibility of stating a claim against the resident defendant. Mayes, 198 F.3d at 464. The burden to show fraudulent joinder is particularly heavy. Defendants must show that plaintiff cannot establish a claim against the non-diverse defendant even after resolving all

-5-

issues of fact and law in plaintiff's favor. Id. The standard to be applied by the court is even more favorable to the plaintiff than the standard for granting motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Id. at 464, 466 (stating that a "glimmer of hope" for relief against the non-diverse defendant is sufficient to defeat removal jurisdiction). In making this determination, the court is not limited to the allegations of the pleadings, but may consider the entire record and determine the basis of the joinder "by any means available." Id.

### III.  Analysis

Under the standard set forth above, plaintiff's motion to remand must be granted if it appears there is any possibility for success as to any one of her claims against defendant J&J Ford Sales. According to West Virginia Code § 31D-14-1405(b)(5), dissolution of a corporation does not "[p]revent commencement of a proceeding by or against [a] corporation in its corporate name." In a recent case in the Northern District of West Virginia, the court considered this statute and concluded that it "renders a post-dissolution corporation subject to suit." Ryan Environmental, Inc. v. Hess Oil Co., Inc., 2010 WL 2264907, *4 (N.D.W. Va. 2010) (and authorities cited therein).

-6-

Acknowledging that § 31D-14-1405(b)(5) does permit filing a lawsuit against a dissolved corporation, Ford contends that a claimant's ability to do so is restricted by West Virginia Code § 31D-14-1407, a provision limiting claims against dissolved corporations. Specifically, W. Va. Code § 31D-14-1407(d) permits a claim to be enforced against a dissolved corporation, to the extent of its undistributed assets, <u>or</u> "[i]f the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extent of his or her pro rata share of the claim or the corporate assets distributed to him or her in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to him or her." According to Ford, there are no undistributed assets of J&J Ford and, therefore, a claim against the dissolved corporation is foreclosed. Ford has tendered the affidavit of Barry L. Kirk, the former President of J&J Ford Sales, who states that the Ford dealership rights of J&J Ford Sales were sold on October 6, 2006, and the remaining physical assets were transferred to J&J Choice Pre-Owned Automotive, Inc., on November 1, 2006. Affidavit of Barry L. Kirk §§ 5 and 6.

In <u>Ryan</u>, the court considered whether the claims of the plaintiff in that case were precluded by § 31D-14-1407(d). Rejecting defendants' argument that it did, the <u>Ryan</u> court stated:

> [D]efendants, however, misread Title 31D of the West Virginia Code. First, as Ryan Environmental correctly asserts, the plain text of W. Va.Code § 31D-14-1405 permits a dissolved corporation to sue and be sued under West Virginia law. This conclusion is consistent with holdings by other courts construing identical statutory language. <u>See, e.g.</u>, <u>Barrett</u>, 32 F. Supp.2d at 1224 (construing Oregon statutes).
>
> Further, despite § 31D-14-1407's limitation on recovery against a dissolved corporation "to the extent of its undistributed assets," that section also states that "[i]f the assets have been distributed in liquidation," recovery may be enforced "against a shareholder of the dissolved corporation to the extent of his or her pro rata share of the claim or the corporate assets distributed to him or her in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to him or her." W. Va. Code § 31D-14-1407(d)(1),(2). At oral argument, counsel for the C & I defendants conceded that it was unknown whether Hess Oil in fact possesses any undistributed assets. This fact aside, and even assuming that all of Hess Oil's assets were distributed upon dissolution, there would still be the possibility that Ryan Environmental would be able to recover against Hess Oil's former shareholders to the extent permitted under § 31D-14-1407(d)(2).

<u>Ryan Environmental, Inc. v. Hess Oil Co., Inc.</u>, 2010 WL 2264907, *4-5. As Judge Keeley recognized, whether J&J Ford Sales or its former shareholders possess any assets is not dispositive

-8-


"inasmuch as a court's jurisdiction cannot turn solely on the financial strength of a given defendant." Id. at *6.

Acknowledging that West Virginia Code § 31D-14-1407(d)(2) permits recovery against the shareholders of a dissolved corporation, Ford contends that plaintiff was required to sue the shareholder(s) of J&J Ford Sales.  Ford cites no authority for this proposition nor does it point to any language in the statute demonstrating such a requirement.  For this reason, this argument is insufficient to defeat remand.

As to the cases cited by Ford in support of removal, the court finds that they are readily distinguishable from the case at bar.  In Carney v. Ohio River Collieries Co., 2009 WL 2391871, *3 (N.D.W. Va. 2009), the court did not even consider the West Virginia statutory regime regarding post-dissolution claims against corporations because the corporation in that case was an Ohio corporation that was dissolved pursuant to Ohio law.  In Holland v. Kitchekan Fuel Corp., 137 F. Supp.2d 681, 685 (S.D.W. Va. 2001), this court found that the two-year limitations period for suits against dissolved corporations, under West Virginia Code § 31-1-48,[2] was preempted by Coal Industry Retiree Health

---

[2] West Virginia Code § 31-1-48 has since been repealed and replaced by § 31D-14-1407 which provides a limitations period of five years.

Benefit Act of 1992 ("the Coal Act"), 26 U.S.C. § 9712.  In determining whether to apply the state limitations period or the limitations period provided in the Coal Act and ERISA, the Holland court instead "adopted the federal common law rule generally applicable to claims under federal law against dissolved corporations."  See id. at 686 (emphasis added).  Only claims arising under state law are involved in the instant proceeding and, therefore, Holland is of little value to the court's analysis herein.

### IV.  Conclusion

Because defendants have not carried the onerous burden of demonstrating fraudulent joinder, the court concludes that it lacks jurisdiction over this matter.  Accordingly, plaintiff's motion to remand is hereby **GRANTED** to the extent it seeks remand.  Because the court concludes that the propriety of removal of this action was subject to a fair dispute, see Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 939-40 (S.D.W. Va. 1996), the motion is **DENIED** to the extent it seeks attorney fees and costs.  The court **REMANDS** this action to the Circuit Court of McDowell County, and **DIRECTS** the Clerk to remove this matter from the court's active docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to all counsel of record, and to forward a certified copy of the same to the Clerk of the Circuit Court of McDowell County, West Virginia.

It is **SO ORDERED** this 28th day of January, 2011.

ENTER:

David A. Faber
Senior United States District Judge